United States District Court
Southern District of New York

------------------------------------X
IRIS SAWYER,                        :
                                    :
     Plaintiff,                     :   09-CV-00870 (LAP)
                                    :
          -against-                 :   MEMORANDUM and ORDER
                                    :
WILLIAM D. ZABEL as Executor of     :
the Estate of David Sawyer,         :
WILLIAM D. ZABEL as Co-Trustee of   :
the Trust Under Article III of the  :
Will of David Sawyer, SCHULTE ROTH  :
& ZABEL LLP, K.T. McFARLAND as      :
Co-Trustee of the Trust Under       :
Article III of the Will of David    :
Sawyer,                             :
                                    :
     Defendants.                    :
                                    :
------------------------------------X

LORETTA A. PRESKA, Chief U.S.D.J.:

   This cases arises from an alleged breach of fiduciary duties Plaintiff Iris Sawyer ("Plaintiff") claims are owed to her under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA"), by the executor and trustee of her ex-husband's estate and trust, William D. Zabel ("Zabel"), and his employer, Schulte Roth & Zabel LLP (collectively "Defendants").[1]  Defendants now move to dismiss

---

[1] Named Defendant K.T. McFarland was never served a summons or complaint under Federal Rules of Civil Procedure 4. Accordingly, she has not been joined as a party to this litigation, and this Court has not obtained jurisdiction over her.

1

pursuant to Federal Rules of Civil Procedure 12(b)(6), arguing that (1) the Complaint is barred by a set of 1996 and 1998 settlement agreements, (2) the claims are barred by res judicata, (3) Plaintiff is not entitled to relief as a trustee of the plan, and (4) the claims are time barred.  Because Plaintiff has been enjoined from pursuing this claim by settlement agreements and has presented no valid reason to set aside those agreements, the motion to dismiss is GRANTED.

I.   BACKGROUND

This Complaint marks the second time Plaintiff has sued Zabel in his capacity as executor of David Sawyer's estate.[2] Plaintiff and David Sawyer were married in 1960 and divorced in 1984.  (Complaint ("Compl.") ¶ 9.)  In the intervening years

---

[2] On deciding a motion to dismiss, the "complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." Mangiafico v. Blumenthal, 471 F. 3d 391, 398 (2d Cir. 2006) (quoting Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002)).  Additionally, "courts routinely take judicial notice of documents filed in other courts, . . . not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings," Kramer v. Time Warner, Inc., 937 F.2d 767, 774 (2d Cir. 1991); I may look to such materials on a Rule 12(b)(6) motion to dismiss.  Staehr v. The Hartford Fin. Servs. Group, Inc., 547 F.3d 406, 426 (2d Cir. 2008).  Therefore, I have considered the materials attached to the Complaint and referenced in the Motion to Dismiss, including the complaint in Sawyer v. Zabel, No. 96-CV-4378 ("1996 Complaint"), the 1996 Settlement Agreement and Release ("1996 Settlement"), the Judgment in the 1996 Action ("1996 Judgment"), the August 28, 1997, order of Judge Kaplan ("1997 Order"), and the 1998 Amended Settlement Agreement and Release ("1998 Settlement").

2

they were both employed by D.H.S. Films, Inc. (Id. ¶ 10.) The company offered four pension plan funds, including the D.H.S. Films, Inc. Employee Pension Plan, in which Plaintiff was a participant. (Id. ¶ 11.) In 1979, another one of the plans, the D.H.S. Films, Inc. Pension and Profit Sharing Plan, acquired a parcel of land in Greenup, Kentucky ("Kentucky Property"). (Id. ¶ 12.) Plaintiff was designated a trustee of the Pension and Profit Sharing Plan and was listed as such on the deed conveying the Kentucky Property.[3] (Id. ¶ 32.)

In 1992, all of the plans were terminated, but none of the proceeds were distributed. (Compl. ¶ 22.) David Sawyer died in 1995, and Plaintiff did not receive his Employee Pension Plan benefits as his purported beneficiary.[4] (Id. ¶ 26; 1996 Compl. ¶ 3.) Plaintiff first brought suit against Defendant Zabel as executor of David Sawyer's estate in 1996, alleging that Sawyer had violated his fiduciary duties as plan administrator and

---

[3] The "Employee Pension Plan" and the "Pension and Profit Sharing Plan" are two distinct plans. Plaintiff has attached material to her Complaint that details her participation in the Employee Pension Plan and her designation as David Sawyer's beneficiary in 1979 under that plan. (See Compl. Exs. E & D.) She has not provided similar documentation in reference to her participation in the Pension and Profit Sharing Plan; the deed to the Kentucky property only lists her as a trustee of that plan. Regardless, her status under any of the plans is irrelevant to determining this motion, as discussed below.

[4] In her 1996 Complaint, Plaintiff conceded that David Sawyer removed her as his designated beneficiary from all of the pension plans. (1996 Compl. ¶ 41.) Plaintiff nonetheless continues to allege that she is still a beneficiary.

3

trustee of the pension plans.  (See generally 1996 Compl.) Relevant to the current Complaint was the allegation that Sawyer impermissibly used "funds from the D.H.S. Films, Inc. Pension Plans to purchase an interest in real property in the State of Kentucky; that has passed to his Estate and was not distributed at the termination of the Plan on or around 1985."  (1996 Compl. ¶ 14.)

Plaintiff and Defendant Zabel agreed to settle the 1996 Complaint, entering into a Settlement Agreement and Release ("1996 Settlement"), in which Plaintiff agreed to

> release[] and forever discharge[] David Sawyer, the Estate of David Sawyer, and William D. Zabel, individually (up to and including the date of the settlement), and as Executor of the Estate of David Sawyer, and any predecessors, successors, beneficiaries, heirs, trustees, executors, administrators, agents, representatives, assigns, and present or former employees of any of them (the "Releases"), from any and all claims, demands, actions, causes of action and any and all manner of liability, whether known or unknown, which have arisen or which could have arisen in any manner between, among, regarding or relating to Iris Sawyer, David Sawyer, or the Estate, including but not limited to, all matters and things alleged . . . [in the 1996 Complaint].

(1996 Settlement ¶ 4.)  The parties also stipulated to the entry of a permanent injunction against Plaintiff "forever enjoining her from commencing any action or proceeding against David Sawyer or the Estate for any relief whatsoever."  (Id. ¶ 6.)

The 1996 Settlement also includes provisions relevant to the current Complaint wherein each party assumed "the risk of existence" of, waived any rights relating to, and released the other party from unknown or unanticipated claims relating to the transactions that gave rise to the claims in the 1996 Complaint;[5] each party assumed the "risk of any mistake of fact";[6] and Plaintiff acknowledged that she was not relying on any representations made to her by representatives of David Sawyer's estate.[7]

In 1997, Plaintiff moved to modify the judgment pursuant to Federal Rules of Civil Procedure 60(b), which Magistrate Judge

---

[5] "Each party acknowledges the possibility that subsequent to the execution of this release, said party may discover, incur or suffer claims which were unknown or unanticipated arising out of or directly or indirectly related to the transactions which gave rise to the claims, which if known by said party on the date this release is being executed may have affected the party's decision to execute this release. Each party acknowledges and agrees that it is assuming the risk of the existence of such unknown or unanticipated claims, waiving any rights relating to, and releasing the other party from, such unknown or unanticipated claims." (1996 Settlement ¶ 17; see also 1998 Settlement ¶ 19.)

[6] "Each party represents, warrants and certifies that it is executing this Agreement with full knowledge and understanding of any and all rights which it might have against the other party, and that it has received independent legal advice in that regard from its counsel . . . . Each party assumes the risk of any mistake of fact made in connection with the facts involved herein and with regard to any facts which are unknown to it." (1996 Settlement ¶ 19; see also 1998 Settlement ¶ 21-22.)

[7] "Iris Sawyer expressly acknowledges that she is not relying upon any representation made to her by representatives of the Estate including, but not limited to, any representation with regard to the size or amount of assets of the Estate." (1996 Settlement ¶ 20; see also 1998 Settlement ¶ 23.)

Berkinow denied. (Sawyer v. Zabel, No. 96-CV-4378 (S.D.N.Y. Aug. 28, 1997) ("1997 Order")(order affirming 1996 Settlement).) Plaintiff continued to write Judge Berkinow and Judge Kaplan, which eventually led Judge Kaplan to reaffirm the order. (Id.) In 1998, the parties agreed to amend the 1996 Settlement, which contained similar provisions to those mentioned above, and resulted in accelerated payments due to Plaintiff under the 1996 Settlement. (See Amended Settlement Agreement ("1998 Settlement").)

Plaintiff now brings this action, alleging that when Defendant Zabel effectuated the transfer of the Kentucky Property in 2002 from the Pension and Profit Sharing Plan to David Sawyer's estate, and then from the estate to a trust established under David Sawyer's will, he did not distribute to Plaintiff her share of the proceeds as a purported "participant, former spouse, or beneficiary" of the terminated plan in violation of his fiduciary duties. (Compl. ¶ 42.) She further claims that the Defendants breached their fiduciary duties owed to the plan (id. ¶ 52) and violated reporting and disclosure requirements under ERISA (id. ¶ 59).

II. DISCUSSION

In both the 1996 Settlement and the 1998 Settlement (collectively, "Settlement Agreements") Plaintiff agreed to an injunction barring her from any future litigation arising out of

6

or relating to the claims of the 1996 Complaint. Therefore, a dismissal of the present Complaint is appropriate. See, e.g., In re "Agent Orange" Prod. Liab. Litig., 996 F.2d 1425, 1438 (2d Cir. 1993) (affirming dismissal where appellants were members of a class that settled and were enjoined from bringing an action against defendants "arising out of or relating to, or in the future arising out of or relating to, the subject matter of the Complaint"), overruled in part on other grounds by Syngenta Crop Protection, Inc. v. Henson, 537 U.S. 28 (2002).

Pursuant to the 1996 Settlement and the related stipulated judgments, Magistrate Judge Berkinow issued an order, affirmed by Judge Kaplan,

> permanently enjoin[ing] [Iris Sawyer] from commencing any action or proceeding . . . against David Sawyer, the Estate of David Sawyer, or William D. Zabel, as Executor of the Estate of David Sawyer, for any relief whatsoever; and against William D. Zabel, individually, the law firm of Schulte Roth & Zabel LLP and any of its partners or employees . . . for any and all claims, demands, actions, causes of action and any and all manner of liability, whether known or unknown, which could have arisen or which could have arisen [sic] in any manner between, among, regarding or relating to Iris Sawyer, David Sawyer or the Estate of David Sawyer, including but not limited to all matters and things alleged in the Complaint . . . .

(1997 Order.) There is no doubt that the current Complaint is barred by the terms of the Settlement Agreements and associated stipulations, judgments, and orders. This Complaint is

predicated on Plaintiff's failure to receive funds flowing from the Kentucky property; the 1996 Complaint included a nearly identical claim.  Similarly, the 1998 Settlement bars Plaintiff from suing Zabel and Schulte Roth & Zabel, the parties named in this Complaint.

Plaintiff alleges that she made an "erroneous assumption" that proceeds from the Kentucky property had already been distributed to the stated beneficiaries.  (Compl. ¶ 30.)  In reality, the property was distributed to David Sawyer's estate in 2002.  (Id. ¶ 22.)  This error does not permit Plaintiff to get a second bite at the apple.  She knowingly and voluntarily entered into the Settlement Agreements and was represented by counsel throughout the litigation and settlement process.  (See 1996 Settlement ¶ 19; 1998 Settlement ¶ 22.)  Furthermore, courts routinely find that releases and permanent injunctions are enforceable even where claims were not fully anticipated or appreciated at the time of settlement.  See Frommert v. Conkright, 535 F.3d 111, 122 (2d Cir. 2008) (holding that claims arising under ERISA were barred by releases because "neither the uncertainty of such benefits nor the fact that hindsight has revealed that such benefits are now worth more than the signing Plaintiffs-Appellees likely expected at the time can render these releases unenforceable").

Additionally, the terms of the Settlement Agreements prohibit Plaintiff from using her error as a vehicle to permit her to bring forward the same claims. Both the 1996 and 1998 Settlement Agreements contain provisions in which Plaintiff assumed the risk of the existence of unknown or unanticipated claims. (1996 Settlement ¶ 17; 1998 Settlement ¶ 19.) Moreover, she also agreed to assume the risk of any mistake of fact related to such claims. (1996 Settlement ¶ 19; 1998 Settlement ¶¶ 21-22.) Finally, Plaintiff does not contend that she relied on any fraudulent statements or misrepresentations made by Defendants prior to or during the litigation and settlement negotiations about the status of the Kentucky Property and, in the Settlement Agreements, she expressly acknowledged that she was not relying on any representations. (1996 Settlement ¶ 20; 1998 Settlement ¶ 23.) The only fraud Plaintiff alleges is the transfer of the Kentucky Property from the plan ultimately to the trust, which resulted pursuant to a valid transfer of David Sawyer's benefits to his estate and then to the trust established under his will. Plaintiff relinquished any rights she might have had to those benefits in the Settlement Agreements.

Plaintiff contends that the Settlement Agreements are invalid because ERISA prohibits the assignment or alienation of plan benefits. 29 U.S.C. § 1056(d). However, the transfer of

9

the Kentucky Property was not an assignment or an alienation; rather, it was the distribution of the benefits owed to David Sawyer's ERISA beneficiary. Even assuming that Plaintiff's status as a beneficiary may have been a question in 1996, I find that she released any such claims in the Settlement Agreements.

As Judge Kaplan stated in his August 28, 1997 Order, a court "may not relieve a party such as plaintiff from her own bargain simply because the bargain was improvident when made or adherence to it has become onerous." As sympathetic as Plaintiff's situation continues to be, she has no further recourse against Defendants for claims for which she has released. Accordingly, Defendants motion to dismiss is GRANTED.

III.     CONCLUSION

For the foregoing reasons, the Motion to Dismiss [dkt. no. 5] is GRANTED.  The Clerk of the Court shall mark this action closed and all pending motions denied as moot.

SO ORDERED:

Dated:   New York, New York
         December _/_, 2009

*Loretta A Preska*

LORETTA A. PRESKA, Chief U.S.D.J.